UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HORATIO S. JOSS** | **CIVIL ACTION NO. 11-1299** |
|     **FED. REG. NO. 44203-265** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **ERIC HOLDER, ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed on July 5, 2011 by *pro se* plaintiff, Horatio S. Joss. Petitioner alleges he is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). Petitioner seeks review of his custody status.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

The undersigned issued a Memorandum Order on August 21, 2011 (doc. 4) directing petitioner to submit his petition on an approved form and to either remit a $5.00 filing fee or submit an application to proceed in forma pauperis. Petitioner was given thirty (30) days to comply with the order and he was warned that "[f]ailure to amend the pleadings as indicated above will result in the pleadings in the instant complaint being stricken from the record." *Id.* More than two months have elapsed since that date and petitioner has not responded to that order.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order... ." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31,(1962). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts. *Id.* Plaintiff was directed to provide additional information and he has failed to do so.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition for writ of habeas corpus be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 26th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE